UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS L. GARDNER, | No. 2:13-cv-2481 KJN P |
| Plaintiff, | |
| v. | ORDER |
| CITY OF VALLEJO, et al., | |
| Defendants. | |

Plaintiff is a former county jail inmate proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

In his complaint, plaintiff alleges that he was: (1) mistakenly identified as the perpetrator in People v. Gardner, Case No. VCR216764 (Solano County Superior Court), (2) denied the effective assistance of counsel by defective trial performance resulting in a loss of material evidence and an improperly selected jury, (3) denied the ability to withdraw his guilty plea, and

2

(4) subjected to prosecutorial misconduct. Plaintiff provided copies of his preliminary hearing transcript held on January 22, 2013 (ECF No. 1 at 24-46); and portions of the transcript from his jury trial conducted on March 20 and 26, 2013 in the Solano County Superior Court. (ECF Nos. 1 at 47-150; 4 at 4-79.) Finally, on January 13, 2014, plaintiff filed a notice of change of address to Deuel Vocational Institution (ECF No. 7), suggesting that plaintiff was convicted of the criminal charges.

A petition for habeas corpus is a prisoner's sole judicial remedy when attacking "the validity of the fact or length of . . . confinement." Preiser v. Rodriguez, 411 U.S. 475, 489-90 (1973); Young v. Kenny, 907 F.2d 874, 875 (9th Cir. 1990). In Heck v. Humphrey, 512 U.S. 477 (1994), the Court clarified that such suits may not be brought under § 1983 but must instead be pursued by filing a petition for writ of habeas corpus. Heck, 512 U.S. at 477. There, the court held that a state prisoner may not bring a damages claim under § 1983 attacking the constitutionality of his criminal conviction unless and until the underlying conviction is invalidated through habeas corpus or similar proceeding, because success in the § 1983 damages action would necessarily establish the invalidity of the conviction and attendant confinement. Heck, 512 U.S. at 478, 486-87. The Court emphasized that this rule, sometimes referred to as the "favorable termination rule," applies only where success in the civil rights suit would necessarily imply that the conviction or sentence were invalid. Id. at 486-87 and n.6-7. "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus.'" Hill v. McDonough, 547 U.S. 574, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam)).

Consequently, here, plaintiff may not use a civil rights action to challenge the validity of his incarceration or seek to overturn any criminal conviction. Such relief is only available in a habeas corpus action, and may only be sought after any state court appeals have been resolved, and he has exhausted his state court remedies.[1] Plaintiff may not seek damages for an alleged

---

[1] Plaintiff is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is

1 | wrongful conviction until such conviction is overturned or invalidated through a petition for writ
2 | of habeas corpus.
3 |     In accordance with the above, IT IS HEREBY ORDERED that:
4 |     1. Plaintiff's request for leave to proceed in forma pauperis is granted;
5 |     2. Plaintiff's complaint is dismissed without prejudice; and
6 |     3. This action is dismissed without prejudice.
7 | Dated: June 9, 2014

/gard2481.56

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).